UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-mj-8166-RMM

UNITED STATES OF AMERICA,

                         Plaintiff,

vs.

KAMRUZZAMAN,

                         Defendant.
_____/

FILED BY ___SP___ D.C.
Apr 8, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes     X **No**

2.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes     X **No**

3.  Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes     X **No**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: /s/ John C. McMillan
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. 24-mj-8166-RMM |
| KAMRUZZAMAN, | ) |
|  | ) |
|  | ) |
| _Defendant(s)_ |  |

FILED BY ___SP___ D.C.

Apr 8, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___11/23/2023 - 03/12/2024___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1253(b) | Willful failure to comply with terms of release under supervision |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Andy Korzen, Deportation Office, ICE
_Printed name and title_

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: 4/8/24

_Judge's signature_

City and state: ___West Palm Beach, Florida___    ___Ryon M. McCabe, U.S. Magistrate Judge___
_Printed name and title_

**AFFIDAVIT
OF
ANDY KORZEN
UNITED STATES DEPARTMENT OF HOMELAND SECURITY
<u>IMMIGRATION AND CUSTOMS ENFORCEMENT</u>
Case No. 24-mj-8166-RMM**

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with Homeland Security Investigations (HSI), and also serve as a Deportation Officer with U.S. Immigration and Customs Enforcement (ICE) and have been so employed for over twenty years. I am currently assigned to the HSI Office, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that KAMRUZZAMAN[1] committed the offense of willful failure to comply with terms of release under supervision, in violation of Title 8, United States Code, Section 1253(b).

3. On or about March 12, 2024, KAMRUZZAMAN was arrested in Palm Beach County, Florida for the offense of failure of sexual offender to register. He was booked and detained at the Palm Beach County Jail (PBCJ).

---

[1] In the course of conducting the instant investigation your affiant has reviewed U.S. Immigration records, to include a translation of the defendant's Bangladesh birth certificate, criminal history records, and DMV records, each of which refers to and identifies the defendant solely as KAMRUZAAMAN (no first name given).

1

4. A review of the immigration records shows that KAMRUZZAMAN is a native and citizen of Bangladesh. Records further show that on or about June 5, 2020, KAMRUZZAMAN was ordered removed from the United States, but his application for deferral of removal under Article III of the Convention Against Torture was granted, preventing Immigration and Customs Enforcement from removing KAMRUZZAMAN to Bangladesh, however he could be removed to any country that would accept him.

5. Records further show that on or about July 20, 2015, in the Supreme Court of the State of New York, New York City, KAMRUZZAMAN was convicted of the felony offense of Sexual Abuse 1st Degree, for which he was sentenced to probation for term of ten years. On May 24, 2018, KAMRUZZAMAN was re-sentenced to two years of imprisonment as a probation violator. The court also certified KAMRUZZAMAN as a sex offender, under Case No. 01774-2014.

6. On or about July 30, 2020, KAMRUZZAMAN was released from Immigration and Customs Enforcement custody under supervision, in accordance with Title 8, United States Code, Section 1231(a)(3) that regulates placement of the aliens that have been ordered removed but have not been removed on a supervision under regulations prescribed by the Attorney General. Prior to being released, KAMRUZZAMAN was served with an Order of Supervision, immigration form I-220B, which contained various conditions. This form, which KAMRUZAMAN acknowledged having read and explained to him in the English language via his witnessed signature and fingerprint, contained the following explicit conditions (among others):

[a.] "That you appear in person at the time and place specified, upon each and every request of the agency for identification and for deportation or removal. . . .

[b.] That you do not travel outside New York State for more than 48 hours without having first notified this agency office of the dates and places, and obtaining approving approval from this agency office of such proposed travel.

[c.] That you furnish written notice to this agency office of any change in residence or employment 48 hours prior to such change.

[d.] That you report in person on Sept. 29, 2020 at 9:00 a.m. to this agency office at 26 Federal Plaza, 9th Floor, Suite 9-110 New York, NY 10278; (212) 264-4213 . . . .

[e.] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

[f.] That you do not commit any crimes while on this Order of Supervision.

[g.] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[h.] Other: Contact ICE at the above address and/or phone number and notify of your address and contact information upon release from NYSDOCCS and report to the New York State Parole as required."

7. Upon KAMRUZZAMAN's release from ICE custody on July 30, 2020, he was turned over to New York State Department of Corrections and Community Supervision on the warrant for retaking and reincarceration so he could be out-processed as a sex offender.

8. On or about October 14, 2020, KAMRUZZAMAN was released from custody of the New York State Department of Corrections and Community Supervision with instructions to contact ICE as his original reporting date of September 29, 2020, already has passed. On October 19, 2020, KAMRUZZAMAN contacted ICE by phone and was instructed to report to ICE on January 14, 2021. Per your affiant's review of ICE records, however, KAMRUZZAMAN did not report or contact ICE on January 14, 2021, or at any time thereafter until his apprehension in this case as described below.

9. Review of the State of Florida, Driver and Vehicle Information Databases (DAVID) records show, that on January 4, 2023, KAMRUZZAMAN applied for and was issued a Florida driver's license. As part of the application process, KAMRUZZAMAN swore or affirmed that was a resident of the State of Florida, and his address was at 4276 Kelson Avenue, Marianna, Florida 32446.

10. On November 23, 2023, KAMRUZZAMAN was involved in a vehicle crash in Jupiter, Florida, an area I know to be located in Palm Beach County and the Southern District of Florida. According to Jupiter Police Department report, KAMRUZZAMAN was operating the vehicle as an UBER driver at the time of accident.

11. On January 25, 2024, Palm Beach County Sheriff's Office (PBSO) deputies responded to a reported domestic disturbance (that is, a purported spousal theft of property) at 2082 Trinidad Court, West Palm Beach, Palm Beach County, Southern

District of Florida. KAMRUZZAMAN had reported that he lives at the residence with his wife and her parents. When he returned home from work, he discovered that both his wife and her parents had moved out of the residence, during which they allegedly took some of his belongings, and blocked KAMRUZZAMAN from contacting them via telephone or social media.

12. Review of the Florida Department of Revenue records shows that between second and fourth quarter of 2023, KAMRUZZAMAN was employed in the State of Florida by following employers: Family Dollar Services LLC, Sunshine Place LLC, Downtown Vapor Project LLC, Purple Haze Project LLC, WP Entertainment LLC, and Miami Brickel Ave LLC.

13. According to Florida Department of Law Enforcement, as of March 11, 2024, there was no sexual offender registration record for KAMRUZZAMAN in the State of Florida. On March 12, 2024, after his arrest, at the PBCJ, KAMRUZZAMAN was finally registered as sexual offender in the State Florida.

14. KAMRUZZAMAN violated condition of his supervision of "That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal" by failing to contact or report to ICE on January 14, 2021, and anytime thereafter.

15. KAMRUZZAMAN violated condition of his supervision of "That you do not travel outside New York State for more than 48 hours without first having notified this agency office of the dates and places, and obtaining approval from this agency office of such proposed travel", by moving to the State of Florida without notifying or getting permission from ICE.

5

16. KAMRUZZAMAN violated condition of his supervision of "That you furnish written notice to this agency office of any change of residence or employment 48 hours prior to such change," by moving to the State of Florida and working as a UBER driver without notifying ICE.

17. KAMRUZZAMAN violated condition of his supervision of "That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days," by failing to register in State of Florida until initial registration after his arrest on March 12, 2024.

18. KAMRUZZAMAN violated condition of his supervision of "That you do not commit any crimes while on this Order of Supervision", by being arrested on March 12, 2024, for failure to register as a sex offender.

19. KAMRUZZAMAN's fingerprints taken in connection with his March 12, 2024, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously released from ICE custody on an Order of Supervision, that is KAMRUZZAMAN.

20. Based on the foregoing, your affiant avers that there exists probable cause to believe that, from at least November 23, 2023, through March 12, 2024,

KAMRUZZAMAN, committed multiple offenses of willful failure to comply with terms of release under supervision, in violation of Title 8, United States Code, Section 1253(b).

FURTHER YOUR AFFIANT SAITH NAUGHT.

Andy Korzen
Task Force Officer
Homeland Security Investigations

SWORN AND ATTESTED TO ME BY APPLICANT
BY TELEPHONE (VIA FACETIME) PURSUANT
TO FED. R. CRIM. P. 4(d) AND 4.1 THIS 8
DAY OF APRIL, 2024.

HON. RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** KAMRUZZAMAN

**Case No:** 24-mj-8166-RMM

**Count # 1**

**Willful failure to comply with terms of release under supervision**
**Title 8, United States Code, Section 1253(b)**
* **Max. Term of Imprisonment:** One (1) year
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** One (1) year[1]
* **Max. Fine:** $ 100,000[2]
* **Special Assessment:** $25.00[3]

\* Refers only to possible terms of incarceration, supervised release and fines. It does not include restitution, parole terms, or forfeitures that may be applicable.

---

[1] Title 18, United States Code, Section 3583(b)(3)
[2] Title 18, United States Code, Section 3571(b)(5)
[3] Title 18, United States Code, Section 3013(a)(1)(A)(iii)